## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **RYDER TRUCK RENTAL, LT; and RYDER TRUCK RENTAL, INC.,** | **Case No. CV 19-146-BLG-SPW** |
| **Plaintiffs,** | |
| **vs.** | **ORDER ENTERING DEFAULT JUDGMENT** |
| **BILLINGS COLLISION REPAIR, INC.; and EVA LOGISTICS, INC., and AMERICAN INTER-FIDELITY CORP. d/b/a AMERICAN INTER-FIDELITY EXCHANGE; and R & E TOWING AND RECOVERY, LLC** | |
| **Defendants.** | |

Before the Court is Plaintiffs Ryder Truck Rental, LT's and Ryder Truck Rental, Inc.'s ("Ryder") motion for entry of default judgment. (Doc. 47). For the following reasons, the Court grants Ryder's motion and enters a default judgment in its favor against Defendant Billings Collision Repair, Inc. ("BCR").

## I.       Background

On December 30, 2019, Ryder filed a complaint against BCR and others alleging negligence (Count I), conversion (Count II), and negligence *per se* (Count III) against BCR. (Doc. 1 at ¶¶ 35-46). Ryder Truck Rental, LT is a statutory trust organized under the laws of Delaware with its principal place of business in Florida.

1

(Doc. 1 at ¶ 1). Ryder Truck Rental, Inc. is a corporation organized under the laws of Florida with its principal place of business in Florida. (*Id*. at ¶ 2). BCR is a corporation organized under the laws of Montana with its principal place of business in Montana. (*Id*. at ¶ 3).

In 2018, Ryder Truck Rental, LT, was the legal owner of a Freightliner Cascadia semi tractor ("Freightliner"). (*Id*. at ¶ 11). Ryder Truck Rental, LT granted Ryder Truck Rental, Inc. a right of possession in the Freightliner that included the right to offer the truck for lease or rental to commercial customers. (*Id*. at ¶ 12). At all relevant times, the Freightliner contained a registration cab card that identified Ryder Truck Rental, LT as the owner with a contact address. (*Id*. at ¶ 14). At all relevant times, the Freightliner's license plate also registered a contact address for Ryder. (*Id*. at ¶ 15).

Ryder leased the Freightliner to Defendant EVA Logistics, Inc. via a written agreement. (*Id*. at ¶ 13). During the lease period, the Freightliner was involved in a crash in Montana on October 1, 2018. (*Id*. at ¶ 17). Ryder was never informed of the accident. (*Id*.). Upon Ryder's information and belief, the Freightliner was towed to 5055 Jellison Road in Billings, Montana. (*Id*. at ¶ 18). The Freightliner remained at the Jellison Road lot, unbeknownst to Ryder, until the owner of the lot reported the vehicle as abandoned. (*Id*. at ¶ 21). BCR was contacted and towed the Freightliner

to another location at 1207 South S. 32nd St. West, Billings, MT 59101. (*Id.* at ¶ 22). BCR mailed Ryder a letter on November 28, 2018. (*Id.* at 24). The letter was sent to 11670 NW 105th Street Miami, FL 33178. (*Id.*). Ryder has never occupied a location matching that address. (*Id.* at ¶¶ 25-26).

Ryder learned of the Freightliner and the accident on April 18, 2019. (*Id.* at ¶ 27). Ryder contacted BCR on June 10, 2019 demanding the return of the Freightliner or a payment of its fair market value. (*Id.* at ¶ 28). BCR never responded and Ryder never received the Freightliner or a payment amount for the vehicle's fair market value. (*Id.* at ¶¶ 29-30).

A summons was issued to BCR informing them of the filed complaint on December 31, 2019. (Doc. 2). The summons and complaint were successfully served upon BCR on March 19, 2020. (Doc. 6-1). BCR did not respond to the summons and Ryder filed a motion for entry of default on April 15, 2020. (Doc. 7). The Clerk of Court filed an entry of default against BCR that same day. (Doc. 8). Ryder now moves for an order of default judgment against BCR. (Doc. 46).

## II.    Legal Standard

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987).

3

## III.  Discussion

The Court's jurisdiction over this action is proper because there is complete diversity of the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Venue is proper in the Billings Division of the United States District Court for the District of Montana since BCR's principal place of business is in Billings, Montana.  § 1391(b)(1).

Fed. R. Civ. P. 55(b)(2) governs applications to the Court for default judgment.  The Court's decision whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making the determination, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)).

Ryder has demonstrated it is entitled to a default judgment in its favor.  BCR has failed to appear at any point during the instant litigation.  Under the first factor, that failure to appear prejudices Ryder's "ability to pursue its claims on the merits

and seek recovery of damages." *See ME2 Productions, Inc. v. Sanchez*, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018).

The second and third factors weigh in Ryder's favor: the complaint sufficiently states claims for negligence, conversion, and negligence *per se*. According to the well-pleaded facts in Ryder's complaint, it is entitled to damages for its claims.

The fourth factor compares the amount at stake to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The amount at stake here is proportional to BCR's conduct— Ryder seeks only damages based on the amount needed to make Ryder whole after discounting the amounts already received in settlements with the other defendants.

Fifth, the Court takes Ryder's well-pleaded factual allegations as true, except those relating to damages. *See Video Sys., Inc. v. Heidenthal*, 826 F.2d at 918. Taking Ryder's allegations as true, Ryder claims BCR sought and obtained title to the Freightliner without following the steps required under Mont. Code Ann § 61-12-401 *et seq*. Specifically, BCR had a duty to provide notice to Ryder, as title owner of the Freightliner, of the vehicle's location and anticipated sale. This failure to notify resulted in Ryder's loss of title and possession of the Freightliner. While the pleaded facts do show that BCR addressed and mailed a letter to Ryder, the letter was sent to an address that Ryder has never occupied. The facts further demonstrate

that the means to discover Ryder's true address were readily available to BCR through a license plate trace or through the information contained in the cab card. The Court is convinced that, based on these facts, BCR acted negligently in its duty to properly notify Ryder of the Freightliner's location and pending sale. Ryder has likewise provided sufficient documentation—including an affidavit from Ryder claim analyst Terri Rexford and invoices for litigation costs—for the Court to determine Ryder's damages.

Sixth, there is no indication that BCR's failure to appear was the result of excusable neglect. Ryder properly served the complaint and summons on BCR, and BCR has failed to respond.

Finally, the Court must consider the policy favoring decisions on the merits. While public policy generally favors a disposition on the merits, default judgment is proper where a defendant fails to appear and defend a case. *See ME2 Productions, Inc.*, 2018 WL 1763514, at *3; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. BCR's failure to appear simply precludes a decision on the merits. Accordingly, the Court finds each factor weighs in favor of granting default judgment in Ryder's favor. The Court also finds Ryder has shown it is entitled to the damages it requests.

**IT IS HEREBY ORDERED**

1. Ryder's Motion for Default Judgment (Doc. 46) is **GRANTED**.

2.  The Clerk of Court shall enter judgment in favor of Ryder and against BCR

    in the following amounts:

    a.  $16,702 for the damages owed on the Freightliner conversion;

    b.  $736.47 for costs;

    c.  and, until the judgment is satisfied, any post-judgment interest to

        which Ryder is entitled under law.

DATED this 20th day of April, 2021.

SUSAN P. WATTERS
United States District Judge

7